## COOLEY *v.* EASTMAN. { Aug. 11, 1876.

*Practice—Certificate of wilful and malicious act on execution.*

The court, by which an action is referred under the statute and afterwards finally disposed of, is "the court before whom the action is tried," under Gen. Stats., ch. 222, sec. 12.

When the *gist* of the declaration is the defendant's false and fraudulent deceit, and he is found guilty by the referee, the defendant, on the question of placing the certificate under that section on the execution, is bound by the judgment.

In such case, the court having found, as matter of law, that the false and fraudulent act was the wilful and malicious act contemplated by the statute—*Held*, correct.

FROM GRAFTON CIRCUIT COURT.

CASE, for selling a cow to the plaintiff, falsely and fraudulently representing her to be free from incumbrance when she was in fact encumbered, and the defendant well knew it.

This action was referred, under the act of 1874, to a referee, who, after notice and a hearing of both parties, made a report finding for the plaintiff, and reporting the following facts as found proved, viz. :

"That the defendant, on the 30th of November, 1874, was possessed of a certain farrow cow, which he sold and turned out to the plaintiff for the sum of thirty dollars, on said 30th day of November ; that the defendant then and there represented the cow as his own property, free from all incumbrance ; that then and there he well knew that the cow belonged to one John M. Charlton till said Charlton was fully paid for her ; that on the 10th day of May, 1875, the plaintiff was compelled to pay said Charlton the sum of twenty dollars for the release of his claim or lien on said cow in order to retain possession of her—thus falsely and fraudulently deceiving the plaintiff."

Upon the return of the report at this term, judgment was rendered on it, and the plaintiff then moved that the court make the certificate on the execution provided in sec. 12, ch. 222, Gen. Stats., and offered the report as evidence in support of it.

The defendant objected, that the action not having been tried by the court, or by the court and jury, the presiding justice had no power to order the certificate unless the case was again tried before him. But the court overruled the objection. The defendant then offered evidence to show that the referee erred in his conclusions upon the facts proved before him ; but the plaintiff objecting, the court excluded it. The defendant then proposed to ask the referee if his minutes of the evidence did not show that the talk about the incumbrance was after the plaintiff had purchased the cow, and after he had paid the claim which the

conditional vendor had set up to the property; but the plaintiff object-ing, the court excluded the question. The defendant then proposed to ask the referee upon what evidence he found his report; but the plain-tiff objecting, the court excluded it. The defendant then proposed to ask the referee what evidence there was that tended to show the act of the defendant wilful and malicious; but the plaintiff objecting, the court excluded it. The defendant then offered to show that there was no ev-idence before the referee tending to show that the acts of the defendant were malicious; also, to show, by the minutes taken by the referee, that the acts were not wilful and malicious; but the plaintiff objecting, the court excluded it.

To all the foregoing rulings the defendant excepted.

The court then ordered the clerk to make the certificate provided by the statute; and the defendant excepted, and filed this bill of exceptions, which is allowed by the court.

Transferred by Stanley, J., C. C.

*Geo. A. Bingham,* for the defendant.

1. The defendant says that the report of the referee, offered by the plaintiff and acted upon by the court, was not evidence authorizing the making of the certificate. *Ziba Hills* v. *Wm. W. Gibson,* transferred November term, 1861, Grafton county, and decided March adjourned law term, 1862, reported in short in defendant's brief in *Samson* v. *Young,* 50 N. H. 62, 63, is it point, and fully decides the case at bar. See Court Records.

The cases of *Nelson* v. *Ladd,* 47 N. H. 343, and *Samson* v. *Young,* above cited, both recognize the authority of *Hills* v. *Gibson.* The court's right to order the certificate in the first case is fixed upon the ground that the defendant was defaulted in court, thereby admitting the allegations in the declaration; and in the second case, that an agreement had been made to refer the assessment of damages and for judgment upon such a report, which was held to be equivalent to a default in court.

In the case at bar the defendant never agreed to a reference. It was made by order of the court. He never agreed to a judgment. It was made by an order of court upon the report. His liability he has always denied. It has never been tried by the court. The trial was by a ref-eree out of court;—so that the two cases last cited are clearly authorities for the defendant, as in neither of them was the right to make the cer-tificate based upon any finding of the referee or commissioner.

2. If it is said that the report of the referee is made evidence by the statute of 1874, we reply that it is not conclusive evidence. It is evi-dence subject to be impeached. *Copp* v. *Henniker,* 55 N. H. 204. The case shows that the defendant offered to impeach the report in various ways, when it was offered by the plaintiff as the evidence on which to make the certificate, and to show that the cause of action did not arise from the wilful and malicious act or neglect of the defendant. If this

evidence was admissible, then the facts offered to be proved by the defendant must be taken as proved, and a certificate was ordered on a case wherein it was proved that the cause of action did not arise from the wilful or malicious conduct of the defendant, and therefore was not within sec. 12, ch. 222 of the Gen. Stats. That such evidence was admissible would hardly seem to admit of a doubt.

*Bingham & Mitchell*, for the plaintiff.

1. The report of the referee finds that the defendant *falsely* and *fradulently* represented title in himself. Such an act of the defendant is both wilful and malicious. *Nelson* v. *Ladd*, 47 N. H. 343 ; *State* v. *Avery*, 44 N. H. 392; *Commonwealth* v. *Walden*, 3 Cush. 558; 2 Gr. Ev., sec. 453, and cases cited in note 1.

2. The cases of *Nelson* v. *Ladd*, 47 N. H. 343, and *Samson* v. *Young*, 50 N. H. 62, are decisive of the question presented in this case.

It is objected that since the defendant was not defaulted he has not admitted the truth of the referee's finding or the allegations in the writ.

The defendant permitted the entry of judgment on the referee's report, when he might, by furnishing an affidavit of an ability to change the report, have prevented it. By doing this he might have availed himself of a jury trial. The defendant having suffered judgment when it was in his power to prevent it, has as effectually confessed the truth of the referee's finding as he would the allegations of the writ by a default. In *Samson* v. *Young*, *supra*, the court say,—" Such being the case, the defendant's assent to judgment upon the award of the referees, without objection, is as much a confession of the truth of the plaintiff's allegation as a default would have been."

CUSHING, C. J. In *Samson* v. *Young*, 50 N. H. 62, FOSTER, J., says,— "And we have no hesitation in holding that within the contemplation of the statute the court which takes jurisdiction of a cause, and takes judgment and execution thereon, may properly be said to *try* the case, notwithstanding it may, by its own authority, or by consent of parties, as in this case, have submitted the ascertainment of the damages, or some other collateral question involved in the case, to a commissioner, auditor, master, or referee, who for such purposes may properly be regarded as officers of the court."

I cannot see that the court may not with as much propriety be said to *try* the case when it submits the trial of all the facts to a referee, but still holds the determination of the law and the final disposition of the case in its hands. I think, therefore, that, for the purpose of issuing a certificate, the court in this case is to be considered the court which tries the case.

By Gen. Stats., ch. 222, sec. 12,—" If the cause of action, in any action of trespass, or trespass on the case, has arisen from the wilful and malicious act or neglect of the defendant, the court or justice before whom the action is tried shall cause a certificate thereof to be made on

the back of the execution issued in such action, and the defendant shall not be discharged on giving bond as provided in the preceding chapter."

The statute—Laws of 1874, ch. 97—makes no provision for impeaching the referee's report, excepting in case of trials by jury. In such cases it is made evidence subject to be impeached; but where there is no jury trial it can hardly be doubted that, for all purposes connected with the disposition of the cause, the facts are to be taken as found by the referee. It would be very singular if, a judgment having been rendered on the referee's report finding the defendant guilty of a fraudulent misrepresentation, he should not for the purposes of that action be estopped to deny the facts on which the judgment was founded. The certificate is to be put upon the execution, and the question, therefore, cannot arise till after judgment.

It might possibly happen that the declaration would not show the wilfulness or malice on which to found the certificate, and it might be necessary for the question then to be determined from the facts proved before the judge who actually tried the case. But where the declaration alleges fraudulent misrepresentation as the *gist* of the action, and the defendant is found guilty, either by the jury or by the referee, and judgment is rendered on the verdict or the report, I think it must be held that, for all purposes connected with the disposition of that action, the defendant is bound by the judgment.

LADD and SMITH, JJ., concurred.

*Exceptions overruled.*