Hillsborough, ⎱
  Dec. 6, 1910. ⎰

## LEIGHTON *v.* BILLS.

If in an action of trespass or case in the superior court execution is issued against the defendant, any justice of the court may order the certificate provided for by section 12, chapter 236, Public Statutes.

MOTION, for a certificate under section 12, chapter 236, Public Statutes, that the cause of action arose from the willful and malicious act of the defendant. The action was tried at the September term, 1907, of the superior court before *Peaslee,* J., and a jury. There was a verdict for the plaintiff, upon which judgment was rendered January 6, 1908, after the justice presiding at the trial ceased to be a member of the superior court. Execution was issued February 7, 1908, returnable to the May term, 1908. There was no application for a certificate on this execution, which was returned unsatisfied. The plaintiff has taken out an *alias* execution returnable to the May term, 1910, upon which the certificate is asked. The question whether a certificate can now be made and by whom was transferred from the January term, 1910, of the superior court by *Wallace,* C. J.

*Doyle & Lucier,* for the plaintiff.

*Hamblett & Spring,* for the defendant.

PARSONS, C. J. Chapter 235 of the Public Statutes provides for the release upon giving bond of a person arrested or imprisoned on execution. Section 12, of chapter 236, of the same is : " If the cause of action, in any action of trespass, or trespass on the case, has arisen from the willful and malicious act or neglect of the de-

fendant, the court or justice before whom the action is tried shall cause a certificate thereof to be made on the back of the execution issued in the action, and the defendant shall not be discharged on giving bond as provided in the preceding chapter." "The court . . . before whom the action is tried," within the meaning of this section, is the court which takes jurisdiction of the cause and in which judgment is rendered and execution issued,—not the individual by whom or before whom the facts may be ascertained. *Cooley* v. *Eastman*, 57 N. H. 503; *Samson* v. *Young*, 50 N. H. 62; *Nelson* v. *Ladd*, 47 N. H. 343. As the superior court had jurisdiction, rendered judgment, and issued execution, that court is the court before whom the action was tried. That court has jurisdiction, therefore, to determine whether the certificate is required by the facts and to make it when warranted thereby. The personality of the justice presiding when the question is presented is immaterial. The order is to be made, not by the judge, but by the court; and the certificate, if ordered, should be made and signed by the clerk by order of the court. *Cooley* v. *Eastman, supra,* 504.

There can be but one execution in force at any time. The statute relates to the release of the defendant from arrest upon execution. The execution upon which the defendant is lawfully arrested and held is "the execution issued in the action." If the certificate has been made upon the back thereof, the exception of the statute applies.

*Case discharged.*

All concurred.